**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**MICHAEL HAIRE,**

    **Plaintiff,**

v.                                             **Case No:**

**TAMPA TRUCK DRIVING**
**SCHOOL, INC.,**
                                              **DEMAND FOR JURY TRIAL**

    **Defendant.**
_____/

**PLAINTIFF'S COMPLAINT**
**WITH INJUNCTIVE RELIEF SOUGHT**

    **COMES NOW**, Plaintiff, **MICHAEL HAIRE** ("Mr. Haire" or "Plaintiff"), by and through the undersigned counsel, and hereby sues and files this Complaint and Demand for Jury Trial with Injunctive Relief Sought against Defendant, **TAMPA TRUCK DRIVING SCHOOL, INC.** ("Defendant"), and in support thereof states as follows:

*Introduction*

1. This action arises out of a "Debt" or "Consumer Debt" as defined by Fla. Stat. § 559.55(6) and Defendant's violations of the Restrictions on Use of Telephone Equipment, 47 U.S.C. § 227 *et. seq.* ("TCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 *et. seq.* ("FCCPA"), in attempting to collect such Debt by using an automatic telephone dialing system or an artificial voice or prerecorded message to call Mr. Haire's Cellular Telephone after Mr. Haire expressly

revoked consent for Defendant to such place calls to his Cellular Telephone, and by communicating with Mr. Haire's employer without Mr. Haire's permission, which can reasonably be expected to harass Mr. Haire.

### *Jurisdiction and Venue*

2. This Court has subject matter jurisdiction over the instant case under 28 U.S.C. §1331.

3. Jurisdiction of this Court also arises under Fla. Stat. § 559.77 (1).

4. Venue lies in this District pursuant to 28 U.S.C. § 1391 (b), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

### *Parties*

5. Plaintiff, Mr. Haire, was and is a natural person and, at all times material hereto, is an adult, a resident of Pasco County, Florida, and a "debtor" or "consumer" as defined by Fla. Stat. § 559.55 (8).

6. Mr. Haire is the "called party" as referenced in the TCPA, 47 U.S.C. § 227 (b) (1) (A) (iii), for all calls placed to cellular telephone number 727-***-1875 ("Mr. Haire's Cellular Telephone").

7. At all times material hereto, Defendant was and is a corporation with its principle place of business in the State of FL and its registered agent, Barry Henson, located at 8501-B Sabal Industrial Blvd, Tampa, FL 33619.

### *Statements of Fact*

8. Mr. Haire saw a Craigslist advertisement from Defendant that offered Defendant's truck driving certification program with no out of pocket expenses.

9. In response to Defendant's advertisement, Mr. Haire contacted Defendant and signed up for Defendant's truck driving certification program.

10. Defendant opened a unique account for Mr. Haire's truck driving certification program charges ("Account").

11. Mr. Haire thereafter completed Defendant's truck driving certification program, but was not given the qualifications for the career that Defendant had promised.

12. Accordingly, Mr. Haire was unable to obtain the type of truck driving position that he expected and Defendant was not paid for its truck driving certification program.

13. Mr. Haire's Account thereby incurred an outstanding balance owed ("Debt").

14. In or around July 2017, Defendant began placing calls to Mr. Haire's Cellular Telephone in attempts to collect the Debt.

15. Mr. Haire answered several of Defendant's calls and told Defendant that he did not obtain the qualifications from Defendant's truck driving certification program that he was promised, that he did not owe the Debt because Defendant advertised it charged no out of pocket expenses for its certification program, and repeatedly demanded that Defendant stop calling his Cellular Telephone.

16. Despite Mr. Haire's repeated demands, Defendant continued to place calls to Mr. Haire's Cellular Telephone in attempts to collect the Debt.

17. Defendant called Mr. Haire's Cellular Telephone at least fifty (50) more times in attempts to collect the Debt.

18. Defendant also sent e-mails to Mr. Haire's employer in attempts to collect the Debt.

19. Mr. Haire had never provided Defendant with his employer's contact information.

20. Mr. Haire had never provided authorized Defendant to contact his employer.

21. Defendant even sent a wage withholding form via e-mail to Mr. Haire's employer in attempts to collect the Debt, causing Mr. Haire extreme embarrassment.

22. Upon answering at least one of Defendant's calls, Mr. Haire heard a pause before he was connected to a live representative of Defendant.

23. All of Defendant's calls to Mr. Haire's Cellular Telephone were placed in an attempt to collect the Debt.

24. All of Defendant's e-mails sent to Mr. Haire's employer were sent in attempts to collect the Debt.

### *Count 1: Violation of the Telephone Consumer Protection Act*

25. Mr. Haire re-alleges paragraphs 1-24 and incorporates the same herein by reference.

26. The Restrictions on Use of Telephone Equipment provision, 47 U.S.C. § 227 (b) (1) prohibits any person

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, . . . or any service for which the called party is charged for the call.

27. Mr. Haire revoked consent to have Defendant call his Cellular Telephone by the use of an automatic telephone dialing system ("ATDS") or artificial voice or prerecorded message in or around July of 2017 when he expressly told Defendant to stop calling him and that he did not owe the Debt.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Haire v. Tampa Truck Driving School, Inc.*
Page **4** of **10**

28. Despite this revocation of consent, Defendant thereafter called Mr. Haire's Cellular Telephone at least fifty (50) times.

29. Defendant did not place any emergency calls to Mr. Haire's Cellular Telephone.

30. Defendant willfully and knowingly placed non-emergency calls to Mr. Haire's Cellular Telephone.

31. Mr. Haire knew that Defendant called Mr. Haire's Cellular Telephone using an ATDS because he heard a pause when he answered at least one of calls from Defendant on his Cellular Telephone before a live representative of Defendant came on the line.

32. Mr. Haire knew that Defendant called Mr. Haire's Cellular Telephone using a prerecorded voice because Defendant left Mr. Haire at least one voicemail using a prerecorded voice.

33. Defendant used an ATDS when it placed at least one call to Mr. Haire's Cellular Telephone.

34. Under information and belief, Defendant used an ATDS when it placed at least twenty calls to Mr. Haire's Cellular Telephone.

35. Under information and belief, Defendant used an ATDS when it placed at least fifty calls to Mr. Haire's Cellular Telephone.

36. Under information and belief, Defendant used an ATDS when it placed all calls to Mr. Haire's Cellular Telephone.

37. At least one call that Defendant placed to Mr. Haire's Cellular Telephone was made using a telephone dialing system that has the capacity to store telephone numbers to be called.

38. At least one call that Defendant placed to Mr. Haire's Cellular Telephone was made using a telephone dialing system that has the capacity to produce telephone numbers to be called without human intervention.

39. At least one call that Defendant placed to Mr. Haire's Cellular Telephone was made using a telephone dialing system that uses a random number generator.

40. At least one call that Defendant placed to Mr. Haire's Cellular Telephone was made using a telephone dialing system that uses a sequential number generator.

41. At least one call that Defendant placed to Mr. Haire's Cellular Telephone was made using a prerecorded voice.

42. Defendant has recorded at least one conversation with Mr. Haire.

43. Defendant has recorded more than one conversation with Mr. Haire.

44. Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message to place call individuals to collect alleged debts from said individuals, such as Mr. Haire, for its financial gain.

45. Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message, and to place calls to individuals using such devices, just as it did to Mr. Haire's Cellular Telephone, with no way for the called party and recipient of the calls to permit, elect, or invoke the removal of the called party and recipient of the calls' cellular telephone number from Defendant's call list.

46. The structure of Defendant's corporate policies and/or procedures permits the continuation of calls to individuals like Mr. Haire, despite individuals like Mr. Haire revoking any consent that Defendant believes it may have to place such calls.

47. Defendant knowingly employs methods and has corporate policies and procedures that do not permit the cessation or suppression of calls placed using an ATDS to individual's cellular telephones, like the calls that it placed to Mr. Haire's Cellular Telephone.

48. Defendant's phone calls harmed Mr. Haire by trespassing upon and interfering with Mr. Haire's rights and interests in his Cellular Telephone line.

49. Defendant's phone calls harmed Mr. Haire by wasting his time.

50. Defendant's phone calls harmed Mr. Haire by being a nuisance and causing him aggravation.

51. Defendant's phone calls harmed Mr. Haire by causing him emotional distress.

52. Defendant's phone calls harmed Mr. Haire by causing him embarrassment.

53. Defendant's phone calls harmed Mr. Haire by causing him stress and anxiety.

54. Defendant's phone calls harmed Mr. Haire by harming his reputation.

55. Defendant's phone calls harmed Mr. Haire by causing a risk of personal injury to Mr. Haire due to interruption and distraction.

56. Defendant's phone calls harmed Mr. Haire by invading his privacy.

57. All conditions precedent to this action have occurred.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

    a. Awarding statutory damages as provided by 47 U.S.C. § 227 (b) (3) (B), which allows for $500 in damages for each such violation;

    b. Awarding treble damages pursuant to 47 U.S.C. § 227 (b) (3) (C);

    c. Awarding Plaintiff costs;

    d. Ordering an injunction preventing further wrongful contact by the Defendant; and

    e. Any other and further relief as this Court deems equitable.

### *Count 2: Violation of the Florida Consumer Collection Practices Act ("FCCPA")*

58. Mr. Haire re-alleges paragraphs 1-24 and incorporates the same herein by reference.

59. Defendant violated the FCCPA. Defendant's violations include, but are not limited to, the following:

    a. Defendant violated Fla. Stat. § 559.72(4) by contacting Mr. Haire's employer via e-mail in connection with the collection of the Debt without the Mr. Haire's prior consent and without a final judgment being entered against Mr. Haire.

    b. Defendant violated Fla. Stat. § 559.72(7) by continuing to place calls to Mr. Haire's Cellular Telephone even after Mr. Haire told Defendant that he did not get what he went to Defendant's truck driving school for, he did not owe the Debt, and repeatedly demanded that Defendant stop calling his Cellular Telephone, which can reasonably be expected to harass Mr. Haire.

    c. Defendant violated Fla. Stat. § 559.72(9) by attempting to enforce a debt when Defendant knows that Mr. Haire does not owe the Debt because he was promised no out of pocket expenses for Defendant's services.

60. As a result of the above violations of the FCCPA, Mr. Haire has been subjected to unwarranted and illegal collection activities and harassment for which he has been damaged.

61. Defendant's actions harmed Mr. Haire by trespassing upon and interfering with Mr. Haire's rights and interests in his Cellular Telephone line.

62. Defendant's actions harmed Mr. Haire by wasting his time.

63. Defendant's actions harmed Mr. Haire by being a nuisance and causing him aggravation.

64. Defendant's actions harmed Mr. Haire by causing him emotional distress.

65. Defendant's actions harmed Mr. Haire by causing him embarrassment.

66. Defendant's actions harmed Mr. Haire by causing him stress and anxiety.

67. Defendant's actionss harmed Mr. Haire by harming his reputation.

68. Defendant's actions harmed Mr. Haire by causing a risk of personal injury to Mr. Haire due to interruption and distraction.

69. Defendant's actions harmed Mr. Haire by invading his privacy.

70. It has been necessary for Mr. Haire to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

71. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

a. Awarding statutory damages as provided by §559.77, Fla. Stat.;

b. Awarding actual damages;

c. Awarding punitive damages;

d. Awarding costs and attorneys' fees;

e. Ordering an injunction preventing further wrongful contact by the Defendant; and

f. Any other and further relief as this Court deems equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, **MICHAEL HAIRE**, demands a trial by jury on all issues so triable.

Respectfully submitted this **March 26, 2018**,

*/s/ Michael A. Ziegler*
Michael A. Ziegler, Esq.
Florida Bar No. 74864
mike@zieglerlawoffice.com

Kaelyn Steinkraus, Esq.
Florida Bar No. 125132
kaelyn@zieglerlawoffice.com

Law Office of Michael A. Ziegler, P.L.
13575 58th Street North, Suite 129
Clearwater, FL 33760
(p)  (727) 538-4188
(f)  (727) 362-4778
Attorneys and Trial Counsel for Plaintiff