UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL HAIRE,

    Plaintiff,

v.                                            CASE NO. 8:18-cv-711-T-26MAP

TAMPA TRUCK DRIVING SCHOOL, INC.,

    Defendant.
                                     /

## O R D E R

**UPON DUE AND CAREFUL CONSIDERATION** of Plaintiff's Motion to Dismiss Defendant's Counterclaim for Lack of Subject Matter Jurisdiction (Dkt. 12) and Defendant's Response (Dkt. 17), the Court concludes the motion is due to be granted.

In this action seeking damages under two debt-collection consumer protection statutes, the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et. seq.* (the TCPA) and the Florida Consumer Collection Practices Act, § 559.72 *et. seq.* of the Florida Statutes (the FCCPA), Defendant filed a one-count counterclaim for state law breach of the contract for tuition to Defendant's truck driving school. The indebtedness on the loan is the very debt that Defendant sought to collect using allegedly unlawful methods that form the basis of Plaintiff's claims. Plaintiff seeks now, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, to dismiss the counterclaim based on the lack of subject

matter jurisdiction.  Motions to dismiss based on Rule 12(b)(1) may be attacked facially or factually.  See <u>Vernell v. Nuvell Credit Co.</u>, 2016 WL 931104, at *1-2 (M.D. Fla. Mar. 11, 2016) (citations omitted).  Neither party, however, relies on the distinctions in their arguments.

The counterclaim alleges that subject matter jurisdiction is grounded in the supplemental jurisdiction provision found in 28 U.S.C. § 1367(a).  Original jurisdiction in this case was based on the TCPA.  For the counterclaim to fall within the supplemental jurisdiction of this Court, the issue is whether the counterclaim is "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  Counterclaims are either permissive or compulsory.  Fed. R. Civ. P. 13.

Compulsory counterclaims automatically fall within the supplemental jurisdiction of the district court.  <u>See</u>, <u>e.g.</u>, <u>Goings v. Advanced Sys., Inc.</u>, 2008 WL 4195889, at *2 (M.D. Fla. Sept. 12, 2008) (citing <u>Republic Health Corp. v. Lifemark Hospitals of Fla., Inc.</u>, 755 F.2d 1453 (11th Cir. 1985), which adopts the "logical relationship" test to determine whether a counterclaim is compulsory).  Permissive counterclaims may also fall within supplemental jurisdiction because "[t]he standard for asserting supplemental jurisdiction is broader than the standard for determining a counterclaim to be compulsory."  <u>Bianchi v. Nationwide Credit, Inc.</u>, 2012 WL 12886182, at *2 (S.D. Fla. Dec. 12, 2012) (citation omitted).  To be considered under supplemental jurisdiction,

permissive counterclaims must derive from the same "common nucleus of operative fact" as the original claim, which here is the TCPA claim. See Bianchi, 2012 WL 12886182, at *2 (citations omitted). This inquiry hinges on whether the state counterclaim, in this case for breach of contract, arises from the "same facts, or involve[s] similar occurrences, witnesses or evidence" as the federal claim, in this case under the TCPA. See Hudson v. Delta Air Lines, Inc., 90 F.3d 451, 455 (11th Cir. 1996).

If the facts, witnesses, or evidence establishing violations of the TCPA are the same as those proving the breach of loan agreement, or in other words arise from the same case or controversy, then supplemental jurisdiction exists. Even if a counterclaim is found to be permissive, however, supplemental jurisdiction need not be exercised if "(1) the claim raises a novel or complex issue of state law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c); Thomas v. Commercial Recovery Sys., Inc., 2008 WL 9067700, at *1 (M.D. Fla. Apr. 1, 2008). The applicable factors are the second and the fourth – whether the counterclaim for breach of contract predominates over the TCPA claim and whether exceptional circumstances exist.

This Court finds that the counterclaim for breach of contract is likely to predominate over the original claims for consumer protection. In doing so, this Court

aligns itself with recent cases that have declined to exercise supplemental jurisdiction where a counterclaim seeks the enforcement of the very debt that was the subject of the alleged unlawful calls under the TCPA.  See, e.g., Ammons v. Ally Fin., Inc., ___ F.Supp. 3d ___, 2018 WL 1633604 (M.D. Tenn. Apr. 5, 2018) (dismissing counterclaim for fraudulent inducement in the misrepresentation of the ability to repay a car loan where original claim sought damages under TCPA in the collection of the car loan); Tilley v. Ally Fin., Inc., 2018 WL 1535413 (E.D. Mich. Mar. 29, 2018) (dismissing counterclaim for breach of contract for car loan where original claim sought damages under TCPA in the collection of the car loan); Vecchia v. Ally Fin., Inc., 2018 WL 907045 (M.D. Fla. Feb. 15, 2018) (same as Tilley).[1]  While the counterclaim in this case would not deteriorate into a dispute about whether the parties complied with Florida law governing the repossession and re-sale of vehicles, as in Vernell or Vecchia, the case might well become bogged down in a dispute over conceivable defenses to the breach of contract claim for the tuition loan.  Apart from whether the counterclaim predominates, perhaps the most powerful and convincing reason to decline supplemental jurisdiction in consumer protection cases lies in the reasoning of the district court in Ammons:

---

[1] See also Vernell (dismissing counterclaim for breach of retail installment contract for purchase of car where original claim sought damages under TCPA in the collection of the car loan); Dayhoff v. Wells Fargo Home Mortg., Inc., 2014 WL 466151 (M.D. Fla. Feb. 5, 2014) (dismissing counterclaim for breach of promissory note and mortgage foreclosure where original claim sought damages under TCPA in the collection of the debt secured by the mortgage and note).

> Federal consumer protection statutes seek to protect consumers from unscrupulous practices regardless of whether a valid debt actually exists. . . . Permitting the collection of an underlying debt by way of a counterclaim in a plaintiff's federal TCPA action creates the risk of a chilling effect on . . . bringing a TCPA action. . . . [I]f the Court were to exercise supplemental jurisdiction over counterclaims for collection of the underlying debt involved in the TCPA claims, prospective plaintiffs would potentially be discouraged from bringing forth meritorious TCPA claims for fear of such counterclaims. . . . [A]sserting supplemental jurisdiction over [the] state law counterclaim would undermine the remedial purpose of the TCPA and its goals of protecting consumers from unwanted automated calls to cell phones – even for debt collection purposes – that annoy and invade privacy.

2018 WL 1633604, at *4-5 (citations and quotation marks omitted).[2]

It is therefore **ORDERED AND ADJUDGED** that Plaintiff's Motion to Dismiss Defendant's Counterclaim for Lack of Subject Matter Jurisdiction (Dkt. 12) is **GRANTED.** The counterclaim is dismissed.

**DONE AND ORDERED** at Tampa, Florida, on June 8, 2018.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

COPIES FURNISHED TO:
Counsel of Record

---

[2] This Court is aware of other district courts in the Eleventh Circuit that have reached the opposite conclusion. See, e.g., Hunt v. 21st Mortg. Corp., 2012 WL 3903783 (N.D. Ala. Sept. 7, 2012) (denying motion to dismiss counterclaim for breach of installment contract for purchase of manufactured home where original claim included TCPA claim in the collection of the debt).